IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

LEWIS TEAL,

    Plaintiff,

v.

NEWMONT INTERNATIONAL SERVICES LIMITED, a Delaware Corporation,

    Defendant.

---

**DEFENDANT NEWMONT INTERNATIONAL SERVICES LIMITED'S NOTICE OF REMOVAL**

**[Complaint filed March 22, 2016 and Removed from the District Court, Arapahoe County, State of Colorado - Case No. 2016CV30698]**

---

TO:    THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Newmont International Services Limited ("Newmont" or "Defendant"), by and through its counsel, Perkins Coie LLP, hereby removes this action to this Court from the District Court, Arapahoe County, State of Colorado. In support of this Notice of Removal, Newmont respectfully states the following:

## I.    SUMMARY OF STATE COURT ACTION

Plaintiff Lewis Teal ("Plaintiff") commenced this action on or about March 22, 2016, in the District Court, Arapahoe County, State of Colorado, by filing a Summons and Complaint. The case was assigned Case No. 2016CV30698. Pursuant to 28 U.S.C. § 1446 and this Court's

local rules, Defendant has filed together with this Notice separate PDF copies of all process, pleadings, and orders served upon Defendant in this action, including the Complaint and Summons.

Plaintiff has filed this lawsuit alleging that he was not paid severance payments pursuant to a Severance Release and Waiver, which he executed on April 1, 2015 ("Severance Agreement"). Complaint ¶ 9. A true and correct copy of the Severance Agreement, as signed by Plaintiff on April 1, 2015, is attached hereto as **Exhibit 1** (*see also* Declaration of N. Lipson attached as **Exhibit 3**). Plaintiff asserts the "Severance Agreement is a valid, binding contract" and asserts claims for (i) Breach of Contract, and (ii) Breach of the Implied Covenant of Good Faith and Fair Dealing. Complaint ¶¶ 19-25.

## II. TIMELINESS OF REMOVAL

This Notice of Removal is timely because it is filed within 30 days of service of the Summons and Complaint as required by 28 U.S.C. §1446(b). Plaintiff's service of the Summons and Complaint on Newmont was effective on March 24, 2016. No further proceedings in this matter have been had in the state District Court.

## III. FEDERAL JURISDICTION AND GROUNDS FOR REMOVAL

In his Complaint, Plaintiff purports to state a claim for breach of his Severance Agreement. *See* Complaint at Counts I, II, ¶¶ 19-25. Specifically, Plaintiff alleges that Newmont failed to pay either the severance funds or the retirement funds due to Plaintiff, as required by the Severance Agreement, and, therefore, he is owed certain severance and retirement benefits under the terms of the Severance Agreement. Complaint ¶ 11.

The Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, governs employee welfare benefit plans and employee pension benefit plans.

Section III(A) of the Severance Agreement confirms that:

Contingent upon execution of this Agreement, without revocation, Newmont will provide to Employee a payment, less all applicable local, state and federal withholding taxes, and benefits, pursuant to the provisions of the ***Executive Severance Plan of Newmont***.[1] (emphasis added)

A true and correct copy of the "Executive Severance Plan of Newmont" ("Severance Plan"), referenced in the Severance Agreement, is attached hereto as **Exhibit 2** (*see also* Declaration of N. Lipson attached as **Exhibit 3**). The Severance Plan makes clear, in its Introduction and elsewhere, that "***This Plan is intended to constitute a health and welfare benefit plan under the Employee Retirement Income Security Act of 1974….***" (emphasis added).

The Severance Plan affords eligibility for severance payments to top executives on their termination of employment in certain circumstances, including a termination without cause.

Accordingly, the Severance Plan (and thereby Plaintiff's claims in his Complaint under the Severance Agreement, which specifically incorporate the Severance Plan) is governed exclusively by ERISA since it is an employee benefit plan under ERISA. 29 U.S.C. § 1002(2).

Plaintiff's state law Breach of Contract claim in Count I of the Complaint, and Plaintiff's state law Breach of Implied Covenant of Good Faith and Fair Dealing claim in Count II of the Complaint, are, therefore, entirely preempted by ERISA because they "relate to" an ERISA-

---

[1] In determining whether a plaintiff has artfully pled his suit so as to couch a federal claim in terms of state law, the Court is permitted to look beyond the face of the complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211 (2004) (noting that to determine whether a cause of action falls within the scope of §502(a)(1)(B), courts must examine the complaint, the statute on which the state law claims are based, and the various plan documents.).

governed employee benefit plan and come within ERISA's civil enforcement provisions. *See FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (broadly applying ERISA to preempt the "subject of every state law that 'relates to' an employee benefit plan governed by ERISA"); *Joyce v. RJR Nabisco Holdings Corp, et al.*, 126 F.3d 166, 172 (3d Cir. 1997) (plaintiff's constructive discharge claim under state law was preempted by ERISA where it sought remedies contained in Section 502 of the federal law).

Consequently, Newmont may remove this action to this Court pursuant to 28 U.S.C. § 1331 because it is a civil action presenting questions arising under the laws of the United States of America. This Court has original jurisdiction because Plaintiff's Complaint alleges a violation of the terms of the Severance Plan, an "employee pension benefit plan" governed by ERISA.

For all of the foregoing reasons, Plaintiff's claim for Breach of Contract in Count I of the Complaint, and Plaintiff's claim for Breach of the Implied Covenant of Good Faith and Fair Dealing in Count II of the Complaint, fall exclusively within the federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.

### IV.  SUPPLEMENTAL JURISDICTION

To the extent any other aspects of Plaintiff's Complaint are not preempted by ERISA, this Court should exercise supplemental jurisdiction over such claim or claims pursuant to 28 U.S.C. § 1367 and 1441(c). This Court has original jurisdiction over the subject matter of this action as Plaintiff's claims arise under the Constitution, laws, or treaties of the United States and are so related to the claims over which this Court has original jurisdiction that the state law claims form part of the same case or controversy, and this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff filed the action initially in federal court.

## V. VENUE

Venue is proper in the United States District Court for the District of Colorado because this action was originally brought in the District Court, Arapahoe County, State of Colorado. This Federal Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

## VI. NOTICE TO PLAINTIFF AND COMPLIANCE WITH STATUTORY REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, written notice of such filing will be served on Plaintiff's counsel of record: David A. Lane, Killmer, Lane & Newman, LLP, 1543 Champa Street, Suite 400, Denver, Colorado, 80202, and Robert J. Bruce, RJB Lawyer, LLC, 1543 Champa Street, Suite 400, Denver, Colorado, 80202. In addition, Defendant will promptly serve on Plaintiff and file with the District Court, Arapahoe County, State of Colorado, a Notice of Removal to Federal Court.

As required by 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders filed in this case and found in the files of the District Court, Arapahoe County, State of Colorado, are being filed herewith.

Defendant is unaware of any other defendant having been named or served with the Complaint in this action. Accordingly, all named Defendants join in the removal of this action to Federal Court.

## VII. RESERVATION OF RIGHTS

By filing this Notice of Removal, Defendant does not waive its right either to answer the Complaint and/or assert any claims, defenses or other motions, including, but not limited to, Rule

12 motions permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendant requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the District Court, Arapahoe County, State of Colorado, and that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED this 13th day of April, 2016

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Alexander H. Bailey*
    T. Markus Funk, #43500
    MFunk@perkinscoie.com
    Alexander H. Bailey, #45219
    ABailey@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, CO 80202-5255
    Telephone: 303.291.2300
    Facsimile: 303.291.2400

Attorneys for Defendant
Newmont International Services Limited

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| David A. Lane<br>KILLMER LANE & NEWMAN, LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Email: dlane@kln-law.com<br>Telephone: 303-571-1000<br>Facsimile: 303-571-1001 | Robert J. Bruce<br>RJB LAWYER, LLC<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Email: bobbruce@rjblawyerllc.com<br>Telephone: 303-573-5498 |
|---|---|

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Alexander H. Bailey
    T. Markus Funk, #43500
    MFunk@perkinscoie.com
    Alexander H. Bailey, #45219
    ABailey@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, CO 80202-5255
    Telephone: 303.291.2300
    Facsimile: 303.291.2400

Attorneys for Defendant
Newmont International Services Limited