| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br><br>Plaintiff: LEWIS TEAL, an individual<br><br>v.<br><br>Defendant: NEWMONT INTERNATIONAL SERVICES LIMITED, a Delaware corporation<br><br>Attorneys for Plaintiff:<br><br>David A. Lane, #16422<br>KILLMER, LANE & NEWMAN, LLP<br>1543 Champa St., Suite 400<br>Denver, CO 80202<br>Phone: (303) 571-1000<br>Fax: (303) 571-1001<br>Email: dlane@kln-law.com<br><br>Robert J. Bruce, #17742<br>RJB LAWYER, LLC<br>1543 Champa St., Suite 400<br>Denver, CO 80202<br>Phone: (303) 573-5498<br>Email: bobbruce@rjblawyerllc.com | DATE FILED: March 22, 2016 11:04 AM<br>FILING ID: 3534390BC019C<br>CASE NUMBER: 2016CV30698<br><br><br>COURT USE ONLY<br><br>Case No:<br><br>Div./Ctrm.: |

**COMPLAINT, JURY DEMAND**

Plaintiff, Lewis Teal, by and through his undersigned attorneys, respectfully submits the following as his Complaint and Jury Demand in this action. In furtherance thereof, Plaintiff states, alleges and complains as follows:

I. GENERAL ALLEGATIONS
(Applicable to all Claims for Relief)

1. Plaintiff Lewis Teal ("Teal") is an individual currently residing in Albuquerque, New Mexico.

2. Defendant Newmont International Services Limited ("Newmont") is a Delaware corporation with its principal offices located in Arapahoe County, Colorado.

3. Newmont and its affiliates are in the business of mineral exploration, project development and mining throughout the world.

4. Teal was an employee in continuous service to Newmont or one of its affiliates for Newmont from May 1988 through April 2015.

5. Teal's final role was Group Executive of Exploration, Early Stage Development and Mine Geology for Newmont's business interests and mining operations in South America.

6. In late 2014, Teal was advised that his foreign assignment contract position with Newmont would not be renewed as of April 1, 2015 and that he would no longer be employed by Newmont.

7. As part of Newmont's policy for foreign assignment employees, Teal was offered a severance package which included a severance payment and a one-time payment of Newmont's Executive Pension plan, pursuant with the transfer of his existing vested private Peruvian retirement pension funds paid out in United States dollars.

8. Based upon Newmont's offer of the severance package, Teal agreed to execute Newmont's Severance Release and Waiver and proceeded to transfer his Peruvian pension to Newmont for repayment in United States dollars.

9. Teal proceeded to accept Newmont's severance package, which included one-time payments of 1) Employment Severance and 2) Non-qualified Executive Pension. He executed a Severance Release and Waiver on April 1, 2015. The Severance Release and Waiver was signed on behalf of Newmont on April 2, 2015 (the "Severance Agreement"). The Severance Agreement required the severance and executive payments to be made no later than 60 days following signed execution of the Severance Agreement.

10. Teal subsequently received email communication from Newmont that the monies due to him would be paid on June 1, 2015 for the Severance payment and June 17th for the Non-qualified Executive Pension payment.

11. Newmont failed to pay either the severance funds or the retirement funds due to Teal as required by the Severance Agreement.

12. After failing to pay sums due to Teal as required by the Severance Agreement, Newmont notified Teal by email on June 2, 2015 that there was an investigation involving Newmont's operations in Peru which needed to be completed.

13. Subsequent to interviewing Teal in Denver on June 25, 2015 about his knowledge of Newmont's operations in Peru, Newmont continued to refuse to pay sums due under the Severance Agreement.

14. Newmont's in-house attorney, Nancy Lipson, subsequently stated that Newmont believes that Teal may have engaged in misconduct but that Newmont would not tell Teal what alleged misconduct was involved. The ongoing but undescribed investigation served as the discretionary reason for not paying sums due to Teal. Teal did not engage in any conduct which justifies nonpayment of sums due under the Severance Agreement.

15. Since signing the Severance Agreement, Teal has complied with the terms of the Severance Agreement.

16. All conditions precedent to the maintenance of this action have occurred or been waived.

17. This Court has jurisdiction over this action and the parties pursuant to C.R.S. §13-1-123.

18. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

## II. FIRST CLAIM FOR RELIEF
(Breach of Contract)

19. Teal hereby incorporates the allegations contained in paragraphs 1 through 18 above as if recited herein.

20. The Severance Agreement is a valid, binding contract.

21. Newmont breached the Severance Agreement by failing and refusing to pay sums due to Teal pursuant to the Severance Agreement.

22. As a direct and proximate result of Newmont's breach of contract, Teal has suffered damages and losses.

## III. SECOND CLAIM FOR RELIEF
(Breach of Implied Covenant of Good Faith and Fair Dealing)

23. Teal hereby incorporates the allegations contained in paragraphs 1 through 22 above as if recited herein.

24. In failing and refusing to pay sums due to Teal without explanation, Newmont breached the implied covenant of good faith and fair dealing contained within the Severance Agreement.

25. As a direct and proximate result of Newmont's breach of the implied covenant of good faith and fair dealing within the Severance Agreement, Teal has suffered damages and losses.

TEAL DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

WHEREFORE, Plaintiff, Lewis Teal, respectfully requests that this Court enter judgment in his favor and against Defendant for damages in an amount to be proven at trial, together with prejudgment and post-judgment interest, attorneys' fees and costs and grant such other and further relief as this Court deems just and proper.

DATED this 22nd day of March, 2016.

        KILLMER LANE & NEWMAN, LLP

        /s/ *David A. Lane*
        David A. Lane, Atty. #16422
        1543 Champa St., Suite 400
        Denver, CO 80202
        (303) 571-1000

        RJB LAWYER, LLC

        */s/ Robert J. Bruce*
        Robert J. Bruce, Atty. #17742
        1543 Champa St., Suite 400
        Denver, CO 80202
        (303) 573-5498

        Attorneys for Plaintiff